FILED
BILLINGS, MT
2006 JAN 5 AM 8 57
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| MARTIN MARIANO BACA,<br><br>    Plaintiff,<br><br>  vs.<br><br>STATE OF MONTANA; YELLOWSTONE COUNTY; MRS. INGRID GUSTAFSON; MR. CARL G. DeBELLY, JR.; MS. PENELOPE STRONG; STAFF SARGENT PLUHAR; MS. ANNE MARIE McKITTRICK; MS. KERI KNOWLTON; MR. JOHN C. BOYD; MR. CLINT ARDISEN; STAFF SARGENT RODRICK; and CORPORAL RHONEY #124,<br><br>    Defendants. | Cause No. CV 05-86-BLG-RWA<br><br><br>FINDINGS AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

On July 11, 2005, Plaintiff Martin Baca applied to proceed *in forma pauperis* with this action under 42 U.S.C. § 1983. That Application was granted in a separate Order. Baca is a state prisoner proceeding *pro se*.

**I. Preliminary Screening**

Pursuant to the federal statutes governing proceedings *in*

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

*forma pauperis* and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez*, 203 F.3d at 1127. The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to *pro se* litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the courts must liberally construe *pro se* pleadings. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

## II. Baca's Allegations

Baca asserts that his constitutional rights were violated in several ways in the process of his criminal prosecution in Yellowstone County. He refers to a pending appeal or habeas petition in the Montana Supreme Court. He was sentenced on January 21, 2005. See CON Network, http://app.mt.gov/conweb. For his relief, he seeks release from custody, among other things. See generally Compl. (doc. 1).[1]

## III. Analysis

Although there may be several reasons that Baca cannot proceed with some of his claims, it is clear that the entire action must be dismissed under the rule of Preiser v. Rodriguez, 411 U.S. 475 (1973).

In Preiser, the Supreme Court said:

> [A] state prisoner challenging his underlying conviction and sentence on federal constitutional grounds in a federal court is limited to habeas corpus. . . . [H]e cannot bring a § 1983 action, even though the literal terms of § 1983 might seem to cover such a challenge, because Congress has passed a more specific act to cover that situation, and, in doing so, has provided that a state prisoner challenging his conviction must first seek relief in a state forum . . . .

In short, Congress has determined that habeas corpus is

---

[1] Baca's Complaint fails to meet the requirement of Fed. R. Civ. P. 8(a) because it is not "short and plain." Additionally, each page is not numbered in sequence, so it is impossible for the Court to specify the pages of the Complaint to which it refers. The Court will overlook these deficiencies because it is clear that the Complaint must be dismissed.

> the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983.

*Id.* at 489, 490.

If Baca is correct that his constitutional rights were violated in any of the ways he alleges, he would necessarily be entitled to have his conviction set aside. Consequently, he must pursue habeas relief first, which means he must exhaust the remedies available to him in the state courts before he returns to the federal court, *see* 28 U.S.C. § 2254(b). This action must be dismissed for failure to state a claim.

Baca is advised to consult with an attorney about the possibility or consequences of filing a direct appeal, about postconviction relief in the state court and habeas relief in the federal court, and about the limitations of a cause of action under § 1983, such as the doctrines of judicial and prosecutorial immunity or the inapplicability of § 1983 to public defenders and investigators. The Court cannot fully advise him about these matters.

It is not clear whether Baca filed a timely notice of appeal in the trial court or whether he has an appeal pending in the Montana Supreme Court. However, Baca is warned that he is required to use the established procedures provided by state and federal law for challenging a conviction and sentence. Failure to use those

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

procedures may result in his forfeiture of whatever right to relief he may otherwise have. Additionally, he is advised that there is a one-year statute of limitations on filing a postconviction petition in the trial court, see Mont. Code Ann. § 46-21-102(1) (2003), and a one-year statute of limitations on filing a petition for writ of habeas corpus in the federal court, see 28 U.S.C. § 2244(d). The federal statute of limitations is tolled while Baca has an *appropriate* petition or appeal pending in the state courts.

The federal court can do no more for him at this time.

## RECOMMENDATION

Based on the foregoing, the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), **RECOMMENDS** that Baca's Complaint (doc. 1) be DISMISSED WITHOUT PREJUDICE for failure to state a claim under the rule of *Preiser v. Rodriguez* and the docket should reflect that his filing of this action counts as one strike against him, pursuant to 28 U.S.C. § 1915(g), because he fails to state a claim on which relief may be granted.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days after the date on the certificate of mailing below, or objection is

waived.

DATED this 5th day of ~~December, 2005~~ Jan, 2006.

_____
Richard W. Anderson
United States Magistrate Judge

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6